1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CHARLES E. THREADGILL,

11            Petitioner,                        No. CIV S-03-0609 LKK DAD P

12        vs.

13    G. GALAZA, Warden,

14            Respondent.                        FINDINGS & RECOMMENDATIONS

15    _____/

16            Petitioner is a state prisoner proceeding pro se with an application for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the judgment of conviction

18    entered against him in the Solano County Superior Court on charges of second degree robbery

19    with use of a firearm.  He seeks relief on the grounds that his guilty plea was involuntary, having

20    been coerced by the prosecutor and his own attorney and that his trial attorney rendered

21    ineffective assistance by coercing petitioner to sign the plea agreement.  Upon careful

22    consideration of the record and the applicable law, the undersigned will recommend that

23    petitioner's application for habeas corpus relief be denied.

24                                    BACKGROUND

25            On January 3, 2001, a felony complaint was filed in the Solano County Superior

26    Court charging petitioner with three counts of second degree robbery with personal use of a

                                         1

1   handgun and a knife; two counts of assault with a semiautomatic firearm; one count of making

2   terrorist threats with personal use of a handgun and a knife; two counts of cutting a utility line;

3   one count of assault with a deadly weapon (a knife) by means likely to produce great bodily

4   injury; one count of possession of a firearm by a felon; and one count of being a felon in

5   possession of a concealed firearm in his vehicle.  (Answer, Ex. A at 1-6.)  It was also alleged that

6   petitioner had served a prior prison term.  (Id. at 5.)  The allegations against petitioner arose from

7   a robbery of a restaurant in Solano County.  (Answer, Ex. D.)

8            On May 31, 2001, pursuant to a plea agreement, petitioner pled no contest in

9   Solano County Superior Court to one count of second degree robbery with personal use of a

10  firearm.  (Answer, Ex. A at 7-9.)  Pursuant to the plea agreement, petitioner was sentenced to

11  twelve years in state prison.  (Id. at 10-13.)

12           Petitioner filed a petition for writ of habeas corpus in the Solano County Superior

13  Court.  (Answer, Ex. C at consecutive p. 7.)  Therein, he claimed that he received ineffective

14  assistance of counsel and that he entered into the plea agreement under duress.  (Id.)  On

15  February 22, 2002, that petition was denied on the merits.  (Id. at 9-10.)  The Superior Court

16  explained its reasoning as follows:

17           Petitioner has neither pled sufficient facts to call the legality of his
             plea into question, nor has he pled sufficient facts concerning the
18           filing of an appeal on his behalf by his public defender that would
             entitle him to extraordinary relief.  (People v. Duvall, (1995) 9
19           Cal.4th 464, 474).  Petitioner has also not shown that his public
             defender's performance was deficient and that he suffered
20           prejudice because of it.  Accordingly, Petitioner has not made a
             prima facie showing of ineffective assistance of counsel.
21           (Strickland v. Washington (1984) 466 U.S. 688; Hill v. Lockhart
             (1985) 47 U.S. 52).
22

23  (Id. at 10.)

24           Petitioner subsequently filed a petition for a writ of habeas corpus in the

25  California Court of Appeal for the Third Appellate District.  (Answer, Ex. C at consecutive p. 6.)

26  That petition was denied on March 7, 2002.  (Id.)  On April 9, 2002, petitioner filed a petition for

1   writ of habeas corpus in the California Supreme Court.  (Id. at consecutive pgs. 2-7.)  Therein, he

2   claimed that his plea of nolo contendere was coerced and made under duress and that his trial

3   counsel rendered ineffective assistance when he coerced petitioner to sign the plea agreement.

4   (Id.)  That petition was denied by order dated July 24, 2002, with citation to In re Swain, 34 Cal.

5   2d 300 (1949) and In re Duvall, 9 Cal. 4th 464, 474 (1995).  (Id. at consecutive p. 1.)  Petitioner

6   filed his federal petition for writ of habeas corpus in this court on September 27, 2002.

7                                      ANALYSIS

8   I.  Standards of Review Applicable to Habeas Corpus Claims

9              A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

10  some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

11  861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

12  Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

13  interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

14  Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

15  corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

16  (1972).

17             This action is governed by the Antiterrorism and Effective Death Penalty Act of

18  1996 ("AEDPA").  See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

19  1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

20  habeas corpus relief:

21              An application for a writ of habeas corpus on behalf of a
            person in custody pursuant to the judgment of a State court shall
22          not be granted with respect to any claim that was adjudicated on
            the merits in State court proceedings unless the adjudication of the
23          claim -

24              (1) resulted in a decision that was contrary to, or involved
            an unreasonable application of, clearly established Federal law, as
25          determined by the Supreme Court of the United States; or

26  /////

1       (2) resulted in a decision that was based on an unreasonable
2   determination of the facts in light of the evidence presented in the
    State court proceeding.

3   28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v.

4   Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

5           The court looks to the last reasoned state court decision as the basis for the state

6   court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state

7   court reaches a decision on the merits but provides no reasoning to support its conclusion, a

8   federal habeas court independently reviews the record to determine whether habeas corpus relief

9   is available under section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003);

10  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  When it is clear that a state court has not

11  reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the

12  AEDPA's deferential standard does not apply and a federal habeas court must review the claim

13  de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160,

14  1167 (9th Cir. 2002).

15  II.  Petitioner's Claims

16       A.  Exhaustion of State Remedies

17          Respondent contends that petitioner did not exhaust state remedies with respect to

18  any of his claims.  Specifically, respondent argues that the California Supreme Court's citation to

19  In re Swain precludes a finding of exhaustion as to the claims raised in petitioner's petition for

20  writ of habeas corpus filed in the Supreme Court.  Respondent also contends that petitioner did

21  not raise in any state court his current claim that the prosecutor coerced him to accept the plea

22  agreement.  Alternatively, respondent urges that petitioner's claims be denied on the merits

23  pursuant to 28 U.S.C. § 2254(b)(2).

24          The exhaustion of available state remedies is a prerequisite to a federal court's

25  consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy,

26  455 U.S. 509 (1982); Carothers v. Rhay, 594 F.2d 225 (9th Cir. 1979); 28 U.S.C. § 2254(b).

1    However, "[a]n application for a writ of habeas corpus may be denied on the merits,

2    notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the

3    State."  28 U.S.C. § 2254(b)(2).  A federal court considering a habeas petition may deny an

4    unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable."

5    Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).  Notwithstanding petitioner's alleged

6    failure to exhaust in state court the claims raised in the instant petition, this court will

7    recommend that habeas relief be denied on the merits of those claims for the reasons explained

8    below.  Petitioner's claims are not "colorable" and he is therefore not entitled to habeas relief.

9            B.  Coerced Guilty Plea

10               Petitioner claims that his trial attorney and the prosecutor forced him to plead

11   guilty by threatening that petitioner "would lose [his] only child" and receive more than "75

12   years - life" if he did not "sign their 12 yr. guilty plea."  (Pet. at 8.)  Petitioner states that there

13   was "no evidence" against him and that he would have proceeded to trial if he had not been

14   threatened.  (Id.)[1]

15               A guilty plea must be knowing, intelligent and voluntary.  Brady v. United States,

16   397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).  "The voluntariness of

17   [a petitioner's] guilty plea can be determined only by considering all of the relevant

18   circumstances surrounding it."  Brady, 397 F.2d at 749.  In Blackledge v. Allison, 431 U.S. 63

19   (1977), the Supreme Court addressed the presumption of verity to be given the record of plea

20   proceeding when the plea is subsequently subject to a collateral challenge.  While noting that the

21   defendant's representations at the time of his guilty plea are not "invariably insurmountable"

22   when challenging the voluntariness of his plea, the Supreme Court stated that, nonetheless, the

23   ────────────────────

24       [1]  Although petitioner claims that he entered a guilty plea, he actually pled nolo
     contendere, or "no contest."  (Answer, Ex. A at 7.)  Under California law, a plea of nolo
     contendere has the same effect as a plea of guilty in the context of the criminal proceedings.  See,
25   e.g., People v. West, 3 Cal. 3d 595 (1970).  Accordingly, federal constitutional principles
     governing guilty pleas apply to petitioner's claims in the instant case.  Miller v. McCarthy, 607
26   F.2d 854, 856 (1979).

1    defendant's representations, as well as any findings made by the judge accepting the plea,

2    "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn

3    declarations in open court carry a strong presumption of verity." Id. at 74.  See also Marshall v.

4    Lonberger, 459 U.S. 422, 437 (1983) (plea presumed valid in habeas proceeding when pleading

5    defendant was represented by counsel); Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006);

6    Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir. 1986).

7         In Boykin, the United States Supreme Court held that the record must

8    affirmatively show that a criminal defendant's guilty plea is intelligent and voluntary.  395 U.S. at

9    242-43.  In that case, the judge taking the plea had asked no questions of petitioner concerning

10    his guilty plea and petitioner did not address the court.  The Supreme Court concluded the record

11    must reflect that a criminal defendant pleading guilty understands, and is voluntarily waiving, his

12    rights to the privilege against compulsory self-incrimination, to trial by jury and to confront one's

13    accusers and that the court would not presume such a waiver from a silent record.  Id.  In Brady

14    the court, citing Boykin, upheld a guilty plea as voluntary and intelligent even though the

15    defendant had not been specifically advised of the three rights discussed in Boykin.  The court in

16    Brady clarified the holding of  Boykin by stating, "the new element added in Boykin was the

17    requirement that the record must affirmatively disclose that a defendant who pleaded guilty

18    entered his plea understandingly and voluntarily." 397 U.S. at 747-48 n.4.  Thus, specific

19    articulation of the Boykin rights "is not the sine qua non of a valid guilty plea." Wilkins v.

20    Erickson, 505 F.2d 761, 763 (9th Cir. 1974).  Rather, if the record demonstrates that a guilty plea

21    is knowing and voluntary, "no particular ritual or showing on the record is required." United

22    States v. McWilliams, 730 F.2d 1218, 1223 (9th Cir. 1984).  Finally, the Due Process Clause

23    does not impose on a state court the duty to establish a factual basis for a guilty plea absent

24    special circumstances, such as "a specific protestation of innocence." Rodriguez v. Ricketts, 777

25    F.2d 527, 528 (9th Cir. 1985).

26    /////

1          After a review of the record in this case, the undersigned concludes that

2    petitioner's plea of nolo contendere was voluntarily made, with knowledge of the consequences

3    thereof.  There was a full and complete colloquy between the court and petitioner at the time he

4    entered his plea.  (Answer, Ex. B at 2-6.)  Petitioner answered in the affirmative when asked by

5    the trial court whether he had read the plea agreement form and discussed it with his counsel.

6    (Id. at 2.)  That form, which petitioner signed and initialed, advised petitioner of his right to a

7    preliminary hearing and a speedy and public trial, the right to confront the witnesses against him,

8    the right to obtain witnesses for his defense, the right against self-incrimination and the right of

9    appeal.  (Answer, Ex. A at 7-8.)  Petitioner specifically gave up those rights by initialing the

10   form.  (Id.)  The form also advised petitioner regarding the particulars of his sentence and the

11   ramifications of his plea.  (Id. at 8.)  Petitioner acknowledged on the form that he understood

12   these matters.  (Id.)  Petitioner also acknowledged on the form that other than a promise to

13   dismiss numerous counts against him and a promise of a twelve-year sentence, "no promises

14   have been made to me or my family to induce me to enter this plea."  (Id.)  Moreover, petitioner

15   also specifically acknowledged on the form that "no threats have been made against me or any

16   member of my family or close friends in order to induce me to make this plea."  (Id.)

17   Respondent has filed the declarations of petitioner's trial attorney and the prosecutor at his trial.

18   (Answer, Exs. E, F.)  Both counsel have declared under penalty of perjury that petitioner was not

19   threatened or coerced in any way to enter into a plea agreement.  (Id.)  Specifically, both

20   attorneys state that they neither told petitioner that he faced a sentence of seventy-five years to

21   life in state prison nor that his child would be taken away from him if he did not accept the

22   offered plea bargain.  (Id.)

23          On the plea agreement form, petitioner's attorney declared that he had read the

24   form and explained it to petitioner and that he was satisfied that petitioner's plea was freely and

25   voluntarily made and with knowledge of the consequences of the plea.  (Answer, Ex. A at 9.)  At

26   the change of plea hearing, petitioner stated that he understood his no contest plea would be

7

1   treated as a guilty plea for purposes of sentencing, that he had the right to a preliminary hearing

2   and jury trial, and that he understood the nature of the sentence and the maximum penalty.

3   (Answer, Ex. B at 2.)  The sentencing judge signed the plea form, finding that petitioner had been

4   fully informed of his constitutional rights and the consequences of his plea and that he

5   knowingly, intelligently, and voluntarily waived his rights.  (Answer, Ex. A at 9.)  The

6   sentencing court found that there was a factual basis for petitioner's plea.  Indeed, petitioner

7   confessed to the charged crimes during a tape recorded interview with the police.  (Answer, Ex.

8   D at 30-31.)

9         The record reflects that petitioner made a voluntary and intelligent choice to plead

10  nolo contendere to the reduced charges against him.  He voluntarily waived his rights to a jury

11  trial, to confront his accusers and his right against self-incrimination.  See Boykin, 395 U.S. at

12  243.  Further, petitioner had notice of the nature of the charges against him.  See Lonberger, 459

13  U.S. at 436 (in order for a plea to be voluntary, an accused must receive notice of the nature of

14  the charge against him, "the first and most universally recognized requirement of due process")

15  (quoting  Smith v. O'Grady, 312 U.S. 329, 334 (1941)).  This is sufficient for purposes of federal

16  review.  Lonberger, 459 U.S. at 436.  Aside from petitioner's unsupported allegations, there is no

17  evidence that petitioner was threatened in any way in order to induce him to enter into the plea

18  agreement.  See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24

19  F.3d 20, 26 (9th Cir. 1994)) ("'[c]onclusory allegations which are not supported by a statement of

20  specific facts do not warrant habeas relief'").  Petitioner has failed to demonstrate any special

21  circumstances, such as a protestation of innocence at the plea hearing, that would allow for

22  habeas relief under section 2254.  See Rodriguez, 777 F.2d at 528.  Accordingly, for all of the

23  foregoing reasons, petitioner is not entitled to relief on his claim that his plea of nolo contendere

24  was coerced or involuntary.

25  /////

26  /////

1          B.   Ineffective Assistance of Counsel

2                 Petitioner contends that his trial attorney rendered ineffective assistance when he

3    forced petitioner to enter into the plea agreement by threatening him with the loss of his child and

4    a sentence of seventy-five years to life in prison if he did not do so.

5                 The Sixth Amendment guarantees the effective assistance of counsel.  The United

6    States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in

7    Strickland v. Washington, 466 U.S. 668 (1984).  To support a claim of ineffective assistance of

8    counsel, a petitioner must first show that, considering all the circumstances, counsel's

9    performance fell below an objective standard of reasonableness.  See Strickland, 466 U.S. at

10   687-88.  After a petitioner identifies the acts or omissions that are alleged not to have been the

11   result of reasonable professional judgment, the court must determine whether, in light of all the

12   circumstances, the identified acts or omissions were outside the wide range of professionally

13   competent assistance.  Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003).  Second, a

14   petitioner must establish that he was prejudiced by counsel's deficient performance.  Strickland,

15   466 U.S. at 693-94.  Prejudice is found where "there is a reasonable probability that, but for

16   counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at

17   694.  A reasonable probability is "a probability sufficient to undermine confidence in the

18   outcome."  Id.  See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981

19   (9th Cir. 2000).  A reviewing court "need not determine whether counsel's performance was

20   deficient before examining the prejudice suffered by the defendant as a result of the alleged

21   deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of

22   sufficient prejudice . . . that course should be followed."  Pizzuto v. Arave, 280 F.3d 949, 955

23   (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

24                 In assessing an ineffective assistance of counsel claim "[t]here is a strong

25   presumption that counsel's performance falls within the 'wide range of professional assistance.'"

26   Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689).  There

9

1  is in addition a strong presumption that counsel "exercised acceptable professional judgment in

2  all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing

3  Strickland, 466 U.S. at 689).  However, that deference "is predicated on counsel's performance

4  of sufficient investigation and preparation to make reasonably informed, reasonably sound

5  judgments." Mayfield v. Woodford, 270 F.3d 915, 927 (9th Cir. 2001) (en banc).

6          Petitioner has failed to establish either deficient performance or prejudice with

7  respect to this claim.  Petitioner's unsupported allegations that his trial counsel threatened him

8  with the loss of his child and an onerous prison sentence if he failed to enter the nolo plea are too

9  conclusory to warrant the granting of habeas relief.  See Jones v. Gomez, 66 F.3d at 204; James

10 v. Borg, 24 F.3d at 26.  Further, petitioner's statements are in direct conflict with the declarations

11 of both his trial attorney and the prosecutor, who have declared under penalty of perjury that no

12 threats of any kind were made to induce petitioner to enter into a plea agreement.  Indeed, both

13 counsel state that the subject of petitioner's child did not come up in any conversation either

14 between counsel or between defense counsel and petitioner.  (Answer, Exs. E, F.)

15         Petitioner has also failed to establish prejudice.  As described above, petitioner

16 was charged with numerous serious crimes but was allowed to plead guilty to just one charge of

17 second degree burglary and one gun enhancement.  Under these circumstances, and in light of his

18 confession, petitioner's plea was clearly in his best interest.  Petitioner's unsupported allegation

19 that there was "no evidence" against him is belied by the record.  His claim that he would have

20 proceeded to trial in the absence of the alleged threats is insufficient to establish entitlement to

21 federal habeas relief.

22         Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

23 a writ of habeas corpus be denied.

24         These findings and recommendations are submitted to the United States District

25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26 days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned

2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3 shall be served and filed within ten days after service of the objections.  The parties are advised

4 that failure to file objections within the specified time may waive the right to appeal the District

5 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6 DATED: July 21, 2006.

7

8 _____
DALE A. DROZD

9 UNITED STATES MAGISTRATE JUDGE

10 DAD:8:threadgill609.hc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26